Hamilton
v.
N. Y. & Har-
lem R. R. Co.

HAMILTON *vs.* THE NEW-YORK AND HARLEM RAIL ROAD
COMPANY.

The time limited for the completion of the Harlem rail road only applied
to the road as originally authorized by its charter. And the extension au-
thorized by the act of 1832, may be made from time to time as the
common council of the city shall think proper to authorize it to be done,
at any time during the existence of the charter of the company.

A rail road running through the streets of a city, which does not materi-
ally interfere with the use of the streets for ordinary purposes, or injure
the value of the adjacent property, is not a nuisance.

THIS was an application for an injunction to restrain the
defendants from extending their rail road through Broome
street ; or rather from using the road laid down in the
street, as the construction of it had been completed before
the motion was made.

April 20.

*S. Sherwood,* for the complainant.

*S. Meredith,* for the defendants.

THE CHANCELLOR. From the affidavits it is evident that
the rail road cannot materially interfere with the use of the
street for the ordinary purpose of passing with carts and
carriages. It is insisted, however, on the part of the com-
plainants that the time for completing the road expired in
March, 1839, and that the defendants had no right to lay
down these rails in Broome street after that time.

The orignal act of April, 1831, authorized the construc-
tion of a rail road from the north bounds of 23d street to
the Harlem river, and required the road to be located with-
in six months and to be completed within four years from
the passing of the act, or that the grant should cease and
become void. The time for completing the road was sub-
sequently extended, by two acts of the legislature, until the
6th of March, 1839. I am satisfied, however, that the re-
striction upon the company by the original act as to the

time of completing their road, which time was extended by these subsequent acts, only applied to the road as originally authorized ; and if the road was completed to that extent previous to the 6th of March, 1839, that it may be extended into the city from time to time, as permission from the corporation can be obtained, at any period during the continuance of the charter. The object of the original restriction was to ensure the making of the road to the prescribed extent within a reasonable time, or that the franchise should revert to the people. But the act of 1832, authorizing the extension of the road to 14th street, and through such other streets of the city as the corporation should from time to time permit, subject to such prudential rules as might be prescribed by the corporation in addition to those directed by the act itself, appears to have contemplated the extension of the road from time to time, as and when the corporation should give the permission ; leaving it to that body to regulate the time when the extension should commence and be completed in any particular street south of Fourteenth, without reference to the time allowed for completing the original road. The corporation, therefore, was not only authorized to allow the road to be extended through Broome street to the City Hall subsequent to March, 1839, but they may authorize a further extension to the Battery if they shall deem it for the interest of the city to have it thus extended ; provided it does not materially interrupt the ordinary use of the streets through which it is allowed to pass.

The affidavits show that the manner in which the road is constructed in Broome street is a substantial compliance with the last clause of the 10th section of the act of 1831 ; as there is sufficient space on each side of the track for the passage of carriages and for the usual side walk for foot passengers. Indeed the construction of the road with the groove rail, laid upon a level with the surface of the pavement, leaves the whole street perfectly free for the passage of carts and carriages of every kind, for the whole width thereof, except at the moment when the rail road cars are

passing upon the track in the centre of the street. If the construction of the road was such as to render it impossible or difficult for carriages to cross the track of the rail road from one side of the street to the other, then it would be proper that there should be room on each side of the track for carriages to pass each other between the track and the curb stone. But that is not necessary, as this road is constructed, for the rails do not prevent carriages from passing each other in the street with the same facility as if the track of the rail road was not there. Upon the whole, I am satisfied that the laying of the track of the rail road through Broome street, and the running of the cars upon the same, is not such a nuisance to the owners of property upon that street as will authorize this court to interfere by injunction.

The motion is therefore denied with costs.