By the Court,

Nelson, C. J.
It is quite obvious, from the language of the charter of the defendants, and of the act of 1835, Statutes of 1834, p. 410, and of 1835, p. 340, that the power conferred upon the company to enter upon and occupy a public highway, in laying the track of their road, relates only to the public property in the road ; to the public use and enjoyment of it, without intending to interfere with any private or individual interests that might be concerned. Hence the legislature guard only against any obstruction of the common use. The road is to be restored to its former state, or in a manner not to impair its usefulness ; that is, in such manner that the public may continue to enjoy it as before.
The statutes effectually protect the company, if they comply with the conditions, from an indictment, or against any interference with their works as a public nuisance, on account of their occupation of the highway; but not against claims for private damages, arising from consequential injuries to adjacent owners. Provision for such injuries was not made, because no authority was conferred to commit them. The company may occupy the road, but they must occupy it at their peril, in a way not to prejudice private rights.
*355 Even if upon a fair construction of the grant, the power conferred is broad enough to protect the company against all the consequential injuries to private interests, and was so intended by the legislature, it would be impossible to uphold, it to this extent, where no provision has been made for full compensation. It would be in violation of the fundamental law of the land, as repeatedly declared in this court, and in the court for the correction of errors. 18 Wendell, 1.
*As the pleas constitute no defence to the cause of action set [*465 ] forth in the declaration, the plaintiff is entitled to judgment.
Judgment for plaintiff.