MAHON *vs.* THE UTICA AND SCHENECTADY R. R. CO.

Plaintiff sued defendants, a railroad company, for erecting an embankment near plaintiff's house, &c., whereby plaintiff was damaged. Defendants pleaded that they were authorized by their act of incorporation to take all the rights and estate of a certain turnpike company, and that in the construction of their road they did erect an embankment along and upon the land before then owned by the turnpike company and now belonging to the defendants, and built their road thereon in front of plaintiff's house, &c., without doing him any unnecessary damage. The charter of the turnpike company gave it only the right to occupy and maintain the line of the road as a public highway or turnpike. *Held,* on demurrer to the plea that it was bad.

Defendants' charter authorized them to make the embankment in question, but that does not excuse them from answering for such consequential damages as may arise to the adjacent owners by reason of such erections upon former public thoroughfares.

ACTION on the case. The first count set out, that the plaintiff was lawfully possessed of a dwelling house, office, barn and carriage house, and out buildings, garden, &c., in the town and county of Herkimer, of great value, &c., and that being so possessed, the defendants did then and there carelessly, negligently and unskillfully cause to be constructed, and continued until the commencement of the writ, an embankment of the height of five feet, in front of and near to said dwelling house, &c.; by means whereof the said plaintiff can not have and enjoy the free and unobstructed passage unto and upon the lands of the said plaintiff, and to and from the dwelling house, &c., and is deprived of the use of his office; and the said dwelling house by means thereof is frequently inundated with water so that he is deprived of the use of his cellar and basement of his said dwelling house; and is subjected to great expense and trouble in getting to and from his said dwelling house, lands, &c.

There are three other counts, substantially like the first.

The defendants, among other defences, plead the following: That by an act of the legislature, passed 29th April, 1833, incorporating the said defendants as a railroad company, they were authorized, on paying to the Mohawk Turn-

pike Company a certain sum, to take and possess all the rights, privileges, property and estate of said company, and to use and enjoy the same; that the said sum was duly paid accordingly; and that in the construction of the said defendants' rail road it became necessary to make their grade and lay their track along, upon and over a part of the lands before then used and occupied by the said Mohawk Turnpike Company; and that they accordingly did erect, make and construct an embankment for the grade of their said way along and upon the road before then owned and used by the said company and now belonging to the said defendants, and did lay down upon the same the superstructure of their said rail road along and upon the track aforesaid in front of the lands and buildings of the said plaintiff as they might lawfully do, without doing any unnecessary damage to the said plaintiff, &c.

There is another plea, substantially the same.

The plaintiff demurred, and defendants joined in demurrer.

*By the Court*, NELSON, Ch. J. The pleas constitute no answer to the action. The purchase of the Mohawk Turnpike Company under the act of 1838, only confered upon the defendants authority to use the road as a public highway, the same as before used and enjoyed by the Turnpike Company. It vested them with no greater powers than were possessed by the company, which were to occupy and maintain the line of the road as a public highway or turnpike. This is the only authority confered upon the Mohawk Company by their charter. (Sess. Laws of 1800, chap. 105.) They possessed no authority to make a rail road along the track of their highway. No such authority is given by their charter, nor did they enter upon and take possession of the lands over which it passes for that purpose, nor were the owners of the land paid their damages with a view to any such occupation of the same. They were paid the value of their lands for the use and occupation as a turnpike road, and nothing more, and the company were seized and possessed of the same for no other purpose, according to the true construction of the act of incorporation. (§§ 4, 5.)

The charter of the defendants, and upon which they must depend for their justification, empowers them to make the erections in question; and being the owners of the turnpike they have no damages to pay to the Mohawk Company, which, otherwise, they would have been bound to pay, according to the case of the *Seneca Road Co.* v. *Auburn and Rochester R. R. Co.,* 5 Hill, 170.

But this does not excuse them from answering for such consequential damages as may arise to the adjacent owners by reason of such erections upon former public thoroughfares, as has already been determined in the case of *Fletcher* v. *The Auburn and Syracuse R. R. Co.,* 25 Wend., 462.

Judgment for the plaintiff on demurrer, leave to amend on usual terms.