The only point specifically taken at the trial was that the action would not lie against the defendants for continuing the nuisance which was created by their predecessors in the title. On the argument it is insisted on their behalf that it is essential to the maintenance of an action against one for continuing a nuisance, that he should have been requested to remove it.
(1.) Every continuance of a nuisance is in judgment of law a fresh nuisance. (3 Black. Com., 220; Vedder v. Vedder, 1 Dnio, 257, 261, and cases cited by Beardsley, J.)
(2.) If we should be of opinion that an action on the case could not be maintained against one who has continued a nuisance erected by another, without notice to remove it having been first given, the defendants could not claim the benefit of that principle in this case, for the reason that they failed to make any such objection at the trial. They contented themselves with insisting that an action would not lie for upholding and continuing the obstruction and excavation which had been made by defendants' predecessors. Under such an objection the plaintiffs would not feel called upon to produce evidence of notice; and the only point to which the judge's attention would be called, would be whether the action could be maintained against any one but the authors of the nuisance.
But I am of opinion that an action on the case will lie against one who continues a nuisance by which damage is occasioned to the plaintiff, without notice first given to remove it. Penruddock'sCase (5 Coke 100), where the doctrine seems to have originated, was a quod permittat, a form *Page 493 
of action in which the successful plaintiff obtains a judgment not only for damages but for the abatement, or destruction of the thing which is claimed to be a nuisance; and it was held that such an action might be brought against him who did the wrong, without any request made, but that it could not be brought against his feoffee without a previous request to remove the nuisance. The case of Tomlin v. Fuller (1 Modern, 27) was an action on the case and was brought for keeping a passage shut up, so that the plaintiff could not come to cleanse his gutter. Twisden, Justice, said, "and must the defendant, in this case, keep his gate always open, expecting him? Wherefore it seems he ought to have laid a request;" and he held that the defendant might have demurred, but that it was cured by the verdict. Neither of these cases establishes the defendants' position. The remedy sought by a quod permittat involves an interference with the defendant's real estate, which it is reasonable he should have an opportunity to do himself, before an authority is given to another to do it. The case from Modern turned upon the particular nature of the right which the plaintiff had to the use of the passage. It was to pass through it when he had occasion to cleanse his gutter. As this was occasional, merely, it was very correctly held that he ought to give notice when he desired to enter the passage for that purpose. In Salmon v. Bensley
(Ryan v. Moody, 189), the action was case for erecting and continuing a steam-engine near the plaintiff's dwelling-house. The defendant succeeded another person in the occupation of the premises where the engine was, and it did not appear that either of these parties put up the engine. A written notice had been given to the prior occupant, and it was objected at nisi prius
that this did not bind the defendant. Abbott, C.J., said he was of opinion that a notice of this nature, delivered at the premises to which it related, to the occupier for the time being, would bind a subsequent occupier; and that a person, who takes premises upon which a nuisance *Page 494 
exists and continues it, takes them subject to all the restrictions imposed upon his predecessors by the receipt of such a notice. In the case before the court, the immediate predecessor of the defendants was the original wrong-doer, and the defendants are not in a better situation than a person who had succeeded to the possession of one who had himself continued a nuisance after being warned by a notice. On the authority of Penruddock'sCase, and of Tomlin v. Fuller, the supreme court of Connecticut held that in a case like the present the plaintiff could not recover in case against one who continued a nuisance without proof of notice to the defendant to remove it. (Johnson
v. Lewis, 13 Conn., 303.) Being of the opinion that the principle is not established by any authority binding on us, and seeing nothing in the nature of the case which requires a notice to be given to the upholder of a nuisance, as a condition to his being made responsible for its consequences, I think such notice is not required to be given. Every one is bound so to use his own property that it shall not be the means of injury to his neighbors, and I think the proprietor should himself look to it and that he cannot safely wait to be admonished before reforming what may be dangerous to others. The principles upon which a railroad company is held liable for consequential damages to the property of individuals, notwithstanding the legislative grant, are correctly stated in Fletcher v. The Auburn and SyracuseRailroad Company (25 Wend., 462).
The judgment should be affirmed.
All the judges were in favor of affirmance, for the reasons stated in the opinion of JOHNSON, J. The court did not pass upon the question whether the defendant was liable, without notice to remove the obstruction and restore the bank of the stream.
Judgment affirmed. *Page 495