COREY and wife *vs.* THE BUFFALO, CORNING AND NEW YORK
RAIL ROAD COMPANY.

Where land has been dedicated by the owner, to the public, for a street or high-
way, the title, for the time being, is in the people of the state; and if the peo-
ple, through the legislature, authorizes the construction of a rail road through
such street or highway, and the road is constructed accordingly, in a seasonable
and proper manner, if the owners of property upon such street suffer loss or
damage in consequence of the construction of the rail road, it is *damnum
absque injuria.*

In an action against a rail road company to recover damages for raising an em-
bankment in front of the plaintiffs' premises, and obstructing the access to the
same &c., by constructing its road through a public street in a village, the
judge charged the jury that if the defendants had restored the street to its
former state, or to such state as not unnecessarily to impair its usefulness, the
plaintiffs were not entitled to recover; and that in determining that question
they were to allow the defendants such use and occupancy of the street as
was necessary for the construction and maintenance of their road in a proper
manner within the rule stated; but that if the defendants did not restore the
street to its former state, or to such state as not unnecessarily to impair its
usefulness, and by reason thereof, the plaintiffs had been injured &c., they
were entitled to recover; *Held* that the charge was not erroneous.

MOTION by the plaintiffs for a new trial, on a bill of excep-
tions. The motion was ordered to be first heard at the
general term. The first count of the complaint alleged that the
plaintiff Caroline Corey, on the 3d day of June, 1850, was the
owner in fee, and lawfully possessed, of a certain lot of land
situated in the village of Painted Post, in the town of Erwin in
the county of Steuben, being village lot number 22 in the village
plot laid out by Francis E. Erwin, and as surveyed and delin-
eated in a map by Michael R. Tharp, and bounded on the north
by Chemung street and fronting thereon forty feet; on the east
by village lot number 21; on the south by an alley, and on the
west by lot number 23; and that she was such owner and in
such possession at the commencement of this action. That the
defendants, on or about the 1st of January, 1851, wrongfully
and unlawfully, and without the license, consent or permission
of the plaintiffs, entered upon the land aforesaid with the appur-
tenances, with horses, cattle, carts, wagons and other carriages,
and crushed, damaged and spoiled the grass, and tore up, sub-

verted, damaged and spoiled the earth and soil, and also cast and threw divers large quantities of earth, stones, wood, iron and rubbish upon said premises and appurtenances, and into ditches upon and belonging to the same, and thereby encumbered, damaged and injured said premises, and choked and filled up said ditches and hindered and prevented the plaintiff Caroline from having the use, benefit and enjoyment of the premises and the buildings thereon in so large and ample a manner as she might and would have done, to her damage of $500.

The second count stated that the defendants wrongfully, &c. constructed and put along, through, and upon Chemung street aforesaid, a public highway, in front of and adjacent to the said lot, their rail road, and in the construction and building thereof, raised an enbankment of earth nearly the whole width of the street, and removed and obstructed the walks adjacent to and in front of said premises, and filled up and choked the gutters, ditches and drains in said street, and caused the water to flow upon and inundate the premises, at various times from the 1st of January, 1851, to the commencement of the action, and caused the water to run into and fill up the cellar, by which the property therein was damaged and destroyed, and the walls and embankments of the house damaged to the amount of $100—and destroyed the crops growing on said premises of like amount—and caused the water to remain and stand in stagnant pools on said premises, and that the water became stagnant and offensive; and that by reason thereof the dwelling house became unwholesome and uncomfortable and unfit for habitation, and that the plaintiff Caroline had been obliged, in ventilating, draining and cleansing the house and premises, to expend $200.

The third count stated that the defendants wrongfully &c. caused to be run on their said road, across and upon the said premises and through and upon said Chemung street, their cars and locomotives, thereby depriving said plaintiff Caroline of the enjoyment, use and possession of said premises and appurtenances and of the highway, and appropriating to their own use the highway, and by the construction of their rail road and running the cars and locomotives thereon had caused the property to be

depreciated in value and caused great annoyance and inconvenience to the plaintiff Caroline, her family and agents, in the matter of ingress and egress to and from and upon the premises and the use and enjoyment of the same; and demanded judgment for $1500 and costs.

The defendants' answer 1. Denied the complaint. 2. Alleged that the defendants were a corporation, &c.; that Chemung street was a public highway, and that the title to the land in said street was vested in the people of this state; and that the defendants, in pursuance of their organization and act of incorporation, entered upon said street and constructed their said road, which are the wrongs and injuries &c. 3. Set up leave and license of the plaintiffs.

On the trial, at the Steuben circuit held in November, 1854, before Mr. Justice Johnson, the plaintiffs proved the organization of the defendants under the general rail road act passed April 2, 1850, by the name of the " Conhocton Valley Railway Company ;" also the act passed March 3, 1852, changing the name of said company to that of the defendants. The plaintiffs also gave evidence tending to show that in 1850 they lived in a house situated on Chemung street, in the village of Painted Post in the county of Steuben, and that said house was owned by the plaintiff Caroline Corey, and fronted on said Chemung street, with a front door yard four feet wide. That the street was four rods wide. That the defendants had built their rail road through said street and about the center thereof, and in front of the plaintiffs' dwelling. That they commenced laying their track in 1851, and had since completed and were running their road. That in consequence of the construction of the defendants' rail road, the water, which before the construction, ran off into the Conhocton river, at times since the rail road was constructed, stood in pools upon and soaked into the land upon the lot in question, thereby injuring the land and rendering it of less value. That the rail road along this street in front of the plaintiffs' lot is upon an embankment raised by the defendants some two feet above the natural surface, and renders access to the plaintiffs' house from the street troublesome and

difficult. There was much evidence given of the same general character, upon which the plaintiffs claimed they had sustained material damage. In the course of the trial the plaintiffs offered to show that the damages sustained by them in consequence of the obstruction to their facilities of egress and regress upon and from the premises was by reason of the building of the embankment by the defendants. This was objected to by the defendants' counsel, and the objection was sustained by the court, " unless it is shown that the street is not restored to its former usefulness, or that its former usefulness is unnecessarily impaired in the construction of the road," to which decision the plaintiffs' counsel excepted. Two other offers were made, on behalf of the plaintiffs, of evidence of injuries by reason of the embankment, which were objected to by the defendants' counsel, and like, rulings and decisions made by the court as in the case of the last offer, and exceptions taken by the plaintiffs' counsel. The plaintiffs also offered to show that by reason of the defendants' rail road being constructed along and upon Chemung street, and operated by their locomotives and cars, the plaintiffs had been deprived of the full and complete enjoyment of the said lot and dwelling house, both in the particulars of egress and ingress and in the obstruction of the natural flow of water from and off said premises and the highway in front thereof; that the premises were thereby depreciated in value, and the amount of such depreciation; to which the defendants' counsel objected, that the defendants for such cause and for such damages were not liable; and the objection was sustained; to which decision the plaintiffs' counsel excepted.

After the plaintiffs had rested, the defendants introduced evidence in relation to the manner in which their rail road was constructed, the width of the same, the width and height of the embankment opposite the plaintiffs' premises, &c. The defendants also gave evidence showing that in 1840 Francis E. Erwin, who was then the owner of the land embracing the premises in question, caused that part of Painted Post village to be laid out and surveyed into village lots and streets, including the plaintiffs' lot and Chemung street, caused a map to be made of

said lots and streets, and sold lots bounded on said streets, and among others the lot of the plaintiffs in question, and that Chemung street, through which a portion of the defendants' rail road runs, had been used and occupied as a public street or highway ever since. After the evidence was closed, the justice, among other things, charged the jury, that the principal question for them to consider was, whether the defendants, in the building and constructing of their road through Chemung street, had restored the street to its former state, or to such state as not unnecessarily to impair its usefulness; that if the jury from the evidence should find that they had so restored the street, the plaintiffs could not recover; and in determining this question, they were to assume and allow to the defendants such use and occupancy of the street as should be necessary for the construction and maintenance of their road in a proper manner, within the rule laid down. That if the jury should find from the evidence that the defendants did not restore the street to its former state, or to such state as not unnecessarily to impair its usefulness, and that by reason thereof the plaintiffs had been injured in the depreciation of the value of the yearly rents and profits of their said premises, they were only entitled to recover the amount of the depreciation during the period that had elapsed between the commencement of such injury and the commencement of this action. The plaintiffs' counsel duly and specifically excepted to the foregoing instructions to the jury; and requested the said justice to charge the jury as follows: 1st. That if, in the construction of this rail road through Chemung street, the defendants had raised an embankment by which the plaintiffs were obstructed in passing to and from their premises adjacent to and upon said street, the plaintiffs were entitled to recover the damages thereby sustained. 2d. That if in such construction of said rail road, the defendants built an embankment in the street, by means whereof the plaintiffs were deprived of the use, benefit or advantage of the street, the defendants were liable in this action. 3d. That if in the construction of said rail road along Chemung street, the defendants had built an embankment, by reason of which the messuage of the plain-

tiff was liable to be, or was flooded with water, or otherwise injured by reason of the embankment preventing the natural flow of the water from said premises, or causing water to accumulate thereon, the defendants were liable for the damages. 4th. That the plaintiff Mrs. Corey, being the owner of land adjacent to Chemung street, had, at the time the defendants built their rail road, as an essential incident to her title, the right of free and unobstructed passage into and upon the street from her adjacent land; and if the defendants, by the building of their rail road along Chemung street, had deprived her of this right, they were liable for the damages, in this action.

The said justice declined to charge the jury as requested in the foregoing four propositions respectively, and the plaintiffs' counsel duly and specifically excepted to such refusals respectively. The jury returned a verdict for the defendants.

*W. Irvine*, for the plaintiffs.

*W. Barnes*, for the defendants.

*By the Court*, WELLES, J.   The defendants were incorporated under the act entitled " An act to authorize the formation of rail road corporations and to regulate the same," passed April 2, 1850. (*Sess. Laws of* 1850, *ch.* 140, *p.* 211.)   The 28th section of that act declares the powers of corporations formed under it, in addition to those conferred on corporations by title 3, chap. 18 of the first part of the revised statutes.   The fifth subdivision of the section of the general rail road act referred to, provides that every such corporation shall have power " to construct their road across, along, or upon any stream of water, water course, street, highway, plank road, turnpike or canal, which the route of its road shall intersect or touch ; but the company shall restore the stream or water course, street, highway, plank road and turnpike thus intersected or touched to its former state, or to such state as not unnecessarily to have impaired its usefulness."

The charge of the judge to the jury was, in substance, that

if the defendants, in constructing their rail road through Che-mung street, had restored the street to its former state or to such state as not unnecessarily to impair its usefulness, the plaintiffs were not entitled to recover ; and that in determining this question, they were to allow the defendants such use and occupancy of the street as should be necessary for the construction and maintenance of their road in a proper manner within the rule stated ; and that if the defendants did not restore the street to its former state, or to such state as not unnecessarily to impair its usefulness, and that by reason thereof, the plaintiffs had been injured, &c. they were entitled to recover.

It will be seen that the plaintiffs' right to recover was made to depend upon the fact that the defendants neglected to restore the street, &c. as before stated, which last, the justice explained to mean, that if, in constructing and maintaining their rail road in a proper manner, the defendants failed to restore the street to its former state, &c. they would be exempt from liability, provided that in so doing they impaired its usefulness no more than was necessary to such construction and maintenance. If these instructions were correct, it follows that the justice properly declined instructing the jury as requested by the plaintiffs' counsel, and also in the exclusion of evidence offered by the plaintiffs, as stated in the case. And it is immaterial whether the rule of damages laid down in the charge, in the event of the jury finding for the plaintiffs, was correct or not; because, if the ruling was correct upon the question of the plaintiffs' right to recover at all, the jury having found for the defendants, could not have reached the question of damages in their consideration of the case. The plaintiffs, in such case, could not be injured by any supposed error in the rule of damages.

Upon the question of the plaintiffs' right to recover at all, we think the rule stated by the justice in the charge was unob-jectionable, and was in conformity with the law, as settled by our highest judicial tribunal. The question whether the de-fendants would have been liable for damages, either direct or consequential, resulting from their *carelessness* or *negligence* in constructing or operating their rail road, was not decided by the

justice at the circuit, nor he was he called upon to instruct the jury on that subject. But the ground was then, and is now taken by the plaintiffs' counsel, that the defendants had not the legal right to construct their rail road at all through the street in question, no matter with how much care, and notwithstanding they had conformed to the provisions of the act referred to, and could not do so without being responsible to the plaintiffs for any damage they may have sustained in consequence thereof. Such position we think cannot be maintained. The street was a public highway, in which the plaintiffs never had any title or interest, except *as an easement* in common with the public at large. Having been dedicated by the owner for the use of a public street or highway, the title for the time being was in the people of the state. The people, through their legislature, had authorized the construction of this road, and if the plaintiffs or any other persons have suffered loss or damage in consequence of its reasonable and proper construction, it is *damnum absque injuria.*

It is unnecessary to discuss this question, as the law is fully and elaborately examined and considered in the case of *Radcliff's Executors* v. *The Mayor &c. of Brooklyn,* (4 *Comst.* 195,) and again in *Gould* v. *Hud. Riv. R. R. Co.* (2 *Seld.* 522.) We think the principles recognized in those cases are applicable to and must govern this. There are adjudged cases to be found which seem to favor the plaintiffs' views; but they will all be found, we think, either to be distinguishable from those above cited, and from the present case, or to have been, in effect, overruled by subsequent cases of higher authority.

In the case of the *Presb. So. of Waterloo* v. *The Auburn and Roch. R. R. Co.* (3 *Hill*, 567,) the acts complained of were the entering upon the plaintiffs' premises and digging up the soil, &c. and although the premises in question there were a public highway, yet the plaintiffs' title was only affected by that circumstances, in being made subject to the easement of the public, as a highway, and could not be taken by the defendants for the use of their road, without prepayment of damages.

The case of *Fletcher* v. *The Auburn and Syr. R. R. Co.* (25 *Wend.* 462,) was very much like the present, and if sound law, a strong authority for the plaintiffs. But it is impossible to reconcile it with the principles settled in the cases cited, decided by the court of appeals. It is in terms disapproved in the case of *Radcliff's Ex'rs* v. *Mayor &c. of Brooklyn.*

The case of *Brown and others* v. *The Cayuga and Susque-hanna R. R. Co.* (2 *Kernan,* 486,) turned upon the construction of the act incorporating the defendants in that case, which was essentially different in respect to the question under consideration, from the general rail road act of 1850, under which the defendants in this case were incorporated. No intimation is given by the judge who gave the prevailing opinion, and in which a majority of the members of the court concurred, of any intention to depart from the principles announced in the two other cases referred to, decided in the court of appeals. The three above mentioned cases from 25*th Wend.,* 3*d Hill* and 2*d Kernan,* were cited and relied upon in the present case by the counsel for the plaintiffs. We think, however, they do not avail them in the present case.

The motion for a new trial is therefore denied, and judgment ordered for the defendant upon the verdict.

[MONROE GENERAL TERM, December 1, 1856. *T. R. Strong, Welles* and *Smith,* Justices.]