By the Court, Welles, J.
The defendants were incorporated under the act entitled “ An act to authorize the formation of rail road corporations and to regulate the same,” passed April 2, 1850. (Sess. Laws of 1850, ch. 140. p. 211.) The 28th section of that act declares the powers of corporations formed under it, in addition to those conferred on corporations by title 3, chap. 18 of the first part of the revised statutes. The fifth subdivision of the section of the general rail road act referred to, provides that every such corporation shall have power “ to construct their road across, along, or upon any stream of water, water course, street, highway, plank road, turnpike or canal, which the route of its road shall intersect or touch ; but the company shall restore the stream or water course, street, highway, plank road and turnpike thus intersected or touched to its former state, or to such state as not unnecessarily to have impaired its usefulness.”
The charge of the judge to the jury was, in substance, that *488 if the defendants, in constructing their rail road through Che-mung street, had restored the street to its former state or to such state as not unnecessarily to impair its usefulness, the plaintiffs were not entitled to recover ; and that in determining this question, they were to allow the defendants such use and occupancy of the street as should be necessary for the construction and maintenance of their road in a proper manner within the rule stated ; and that if the defendants did not restore the street to its former state, or to such state as not unnecessarily to impair its usefulness, and that by reason thereof, the plaintiffs had been injured, &c. they were entitled to recover.
It will be seen that the plaintiifs’ right to recover was made to depend upon the fact that the.defendants neglected to restore the street, &c. as before stated, which last, the justice explained to mean, that if, in constructing and maintaining their rail road in a proper manner, the defendants failed to restore the street to its former state, <fcc. they would be exempt from liability, provided that in so doing they impaired its usefulness no more than was necessary to such construction and maintenance. If these instructions were correct, it follows that the justice properly declined instructing the jury as requested by the plaintiffs’ counsel, and also in the exclusion of evidence offered by the plaintiffs, as stated in the case. And it is immaterial whether the rule of damages laid down in the charge, in the event of the jury finding for the plaintiffs, was correct or not; because, if the ruling was correct upon the question of the plaintiffs’ right to recover at all, the jury having found for the defendants, could not have reached the question of damages in their consideration of the case. The plaintiffs, in such case, could not be injured by any supposed error in the rule of damages.
Upon the question of the plaintiffs’ right to recover at all, we think the rule stated by the justice in the charge was unobjectionable, and was in conformity with the law, as settled by our highest judicial tribunal. The question whether the defendants would have been liable for damages, either direct or consequential, resulting from their carelessness or negligence in constructing or operating their rail road, was not decided by the *489 justice at the circuit, nor he was he called upon to instruct the jury on that subject. But the ground was then, and is now taken by the plaintiffs’ counsel, that the defendants had not the legal right to construct their rail road at all through the street in question, no matter with how much care, and notwithstanding they had conformed to the provisions of the act referred to, and could not do so without being responsible to the plaintiffs for any damage they may have sustained in consequence thereof. Such position we think cannot be maintained. The street was a public highway, in which the plaintiffs never had any title or interest, except as an easement in common with the public at large. Having been dedicated by the owner for the use of a public street or highway, the title for the time being was in the people of the state. The people, through their legislature, had authorized the construction of this'road, and if the plaintiffs or any other persons have suffered loss or damage in consequence of its reasonable and proper construction, it is damnum absque injuria.
It is unnecessary to discuss this question, as the law is fully and elaborately examined and considered in the case of Radcliff’s Executors v. The Mayor &c. of Brooklyn, (4 Comst. 195,) and again in Gould v. Hud. Riv. R. R. Co. (2 Seld. 522.) We think the principles recognized in those cases are applicable to and must govern this. There are adjudged cases to be found which seem to favor the plaintiffs’ views; but they will all be found, we think, either to be distinguishable from those above cited, and from the present case, or to have been, in effect, overruled by subsequent cases of higher authority.
In the case of the Presb. So. of Waterloo v. The Auburn and Roch. R. R. Co. (3 Hill, 567,) the acts complained of were the entering upon the plaintiffs’ premises and digging up the soil, &c. and although the premises in question there were a public highway, yet the plaintiffs’ title was only affected by thatcircumtances, in being made subject to the easement of the public, as a highway, and could not be taken by the defendants for the use of their road, without prepayment of damages.
*490 [Monroe General Term,
December 1, 1856.
The case of Fletcher v. The Auburn and Syr. R. R. Co. (25 Wend. 462.) was very much like the present, and if sound law, a strong authority for the plaintiffs. But it is impossible to reconcile it with the principles settled in the cases cited, decided by the court of appeals. It is in. terms disapproved in the case of Radcliff’s Ex'rs v. Mayor &c. of Brooklyn.
The case of Brown and others v. The Cayuga and Susquehanna R. R. Co. (2 Kernan, 486,) turned upon the construction of the act incorporating the defendants in that case, which was essentially different in respect to the question under consideration, from the general rail road act of 1850, under which the defendants in this case were incorporated. No intimation is given by the judge who gave the prevailing opinion, and in which a majority of the members of the court concurred, of any intention to depart from the principles announced in the two other cases referred to, decided in the court of appeals. The three above mentioned cases from 25th Wend., 3d Hill and 2d Kernan, were cited and relied upon in the present case by the counsel for the plaintiffs. We think, however, they do not avail them in the present case.
The motion for a new trial is therefore denied, and judgment ordered for the defendant upon the verdict.
T. R. Strong, Welles and Smith, Justices.]