## SUPREME COURT.

### Daniel P. Barnard agt. John Bruce and others.

If a *judgment of foreclosure* is erroneous as to directions contained therein as to *costs* and the *distribution of proceeds*, the remedy is by *appeal*.

*It seems*, that where mortgage creditors, on a foreclosure of a junior mortgage, put in an answer and compel the plaintiff to prove his case, when their rights might have been properly protected by appearance on the reference to compute the amount due, they unnecessarily increase the *costs*, and may be properly called upon *to pay the costs consequent thereon*.

In such case a direction in the judgment ordering the *plaintiff's costs to be first paid* does not prejudice the prior mortgage creditors.

*Kings Special Term, March,* 1860.

Motion to amend judgment of foreclosure, &c.

D. P. BARNARD, *plaintiff in person.*

E. S. VAN WINKLE, *for United States Trust Company.*

LOTT, Justice. The motion on behalf of the United States Trust Company, for amendment of judgment, and for payment by the plaintiff to them of the costs paid to him under the judgment, must be denied, with $10 costs. The other branch of the motion, relating to the rents received by the receiver, cannot be decided without notice 'to the administrator of the receiver, it appearing that he is now deceased, and that the sum so received was paid to the plaintiff, to be disposed of under the order of the court, and is not held or claimed by the plaintiff as his own property. Decision reserved on that till such notice is given, and a time may be fixed in the order now made for giving that notice.

Assuming that the plaintiff agreed to apply to the court for directions as to the costs at the time of the application for judgment, it is now too late to apply for relief on the ground of irregularity, after the different acts and proceedings by the Trust company and their attorney under the judgment. If the judgment is erroneous as to the directions contained therein, as to the costs and the distribution of proceeds, the remedy was by appeal. I will add, however, that it is at least questionable whether the company, under the circumstances disclosed, would have been entitled to costs at all out of the fund, if the question had been presented on the ground of strict right. Having put in an answer making it incumbent on the plaintiff to prove his case, they unnecessarily increased the costs, and might have been properly called on to pay the costs consequent thereon. Their rights could have been properly protected by an appearance on the reference to compute the amount due. (*See Rule* 71.) Nor do I see any equity under the circumstances in this case, as disclosed by the affidavits used on this motion, in postponing the plaintiff's costs to the payment of the prior mortgage. That mortgage would not

have been satisfied, as we are warranted in assuming, without incurring those costs. It is evident that if the plaintiff had not proceeded to foreclose his mortgage, a foreclosure of the mortgage held by the Trust company would have become necessary, and the costs consequent thereon would have been paid out of the fund realized, before any application could have been made out of the proceeds on account of the mortgage. They have, therefore, lost nothing by the direction in the judgment ordering the plaintiff's costs to be first paid. A similar provision was sanctioned in *Schruy-ver* agt. *Teller*, (9 *Paige*, 172–177.) There appears, therefore, no ground for interfering with the judgment in that respect, conceding that the application is made in time.