By the Court. Bosworth, Ch. J.
—The thing which William P. Davis notified the defendants he desired them to take to the depot of the New York and Erie Railroad, he designated and described as his trunk, which he wished carried to the passenger depot, to be taken by him as such *13 to Buffalo. At the same time he ordered a box to be taken to the freight depot.
This employment was to carry a trunk, described as being a traveler’s trunk, and to carry it so that Davis might have it at the depot, to be taken with him as a traveler’s trunk.
The trunk itself, and all of its contents, were delivered at a place to which the defendants agreed to forward it, and the plaintiff to receive it; except that portion of the contents which consisted of articles not constituting any part of the usual contents of a traveler’s trunk.
The plaintiff now seeks to charge the defendants with the value of jewelry which was in the trunk, an article which the defendants were not only not asked to carry, but which, from the terms of the application made to them, they might justly suppose formed no part of the contents of the trunk.
The decision in this case, when it was before the general term, in February, 1858, (2 Bosw. 603-606,) disposes of all questions "presented by the present appeal. The same evidence was given by the plaintiff, and the same facts were found on the first trial as on the second.
On the second trial “ the plaintiff asked that the case go to the jnry with the following instruction: ‘If the jury think there was no intentional fraud practiced by Davis in delivery of the trunk, they must find for the plaintiff;’ which the court refused, but granted the non-suit, and to which plaintiff’s counsel excepted.”
In Pardee v. Drew, (25 Wend. 462,) Ch. J. Nelson says, “I would not say the plaintiff intended to impose upon the defendant, and under the cover of baggage obtain the transportation of merchandise, free of expense; this is not material. It is enough that such is the practical effect of his conduct.”
So in The Great Northern Railway Co. v. Shepherd, (14 Eng. L. & Eq. 367-370,) Baron Parke says, “Whether this was done with any fraudulent intention it is not material to inquire, for if without any fraud the passenger had so *14 conducted himself that the company were not apprised of the nature of what he was carrying, it is the same in effect as if a fraud had been intended.”
The defendants, from the application made to them, could only regard this trunk as being the ordinary baggage trunk of a traveler, containing the usual personal conveniences belonging to Davis in that character, and had no reason to suspect that it contained, in addition, jewelry to be sold as merchandise, belonging either to Davis or the plaintiff, or to any other person.
We think that Pardee v. Drew, and The Great Northern Railway Co. v. Shepherd, (supra) are decisive against the plaintiff’s right to recover, and that he was properly non-suited. '
j The fact that the defendants were employed to carry the 'trunk only, and not its owner also, can make no difference in respect to the rights of the parties. The deception, in effect, practiced upon the defendants, however honest the actual intent of Davis, is the same in this case as if they had undertaken to carry Davis also.
It is this practical fraud, in case the defendants were to be held responsible, which prevents liability attaching, and not anything peculiar in the law applicable to passenger carriers.
The rule is that a defendant is not to be charged, when charging him would sanction and give effect to a fraud, in effect, practiced upon him by the plaintiff.
The judgment should be affirmed with-costs.
Ordered accordingly.