Pinch, J.
Railroad companies are authorized to cross public highways upon the condition that they restore them to their former state, or so as not to impair their usefulness. The tracks may cross at grade, or above or below it, and the necessities of the railroad govern the choice. The West Shore crossing is not in this case complained of. It took for that purpose no land of the plaintiff, and inflicted upon him no injury. What lies at the basis of the action is not the crossing, but the restoration of the highway to its usefulness as such, under the command of the statute. The law assumes that the crossing will be upon a grade which • the convenience or needs of the railroad may require, and that, as a consequence, changes will become necessary to preserve the public right, and the duty of such restoration is imposed upon the railroad company. Laws 1850, chap. 140, § 28; Laws 1864, chap. 582, § 1; Laws 1880, chap. 583, § 1. An order of the court is a necessary ¡preliminary to the exercise of the right, so that its necessity or propriety may be questioned or adjudged, and notice of the application is to be given to the commissioners of highways in order that they may be heard on behalf of the public interest. The statute which confers the right of crossing a highway expressly permits the latter to be carried under or over the track, as maybe found most convenient; and if the consequent cutting or embankment gives the roadway too great an ascent or descent, the line of the highway may be changed, and additional lands taken, which, when paid for, become part of the highway. Laws 1850, § 24. The acts require compensation to be made only when additional lands have been taken, and the duty of restoration need not be the original condition of the highway, but may be one different, which does not impair its usefulness.
The West Shore company crossed below the grade oi the *679 highway, making a cutting in its passage, and so preventing the public travel. The difficulty could have but one of two remedies. Either the highway upon each side of the crossing must be sloped down to the grade of the track, or the cutting must be bridged at a height sufficient for the passage of trains, and approaches made by a gradual lifting of the roadway to reach the bridge level. The last was the maimer chosen; and in view of the dangers consequent upon grade crossings the choice was prudent and proper, both for the safety of the public and the trains. The highway was thus restored to its original use, and within its original lines, and the only alteration effected was a change of its grade. The plaintiff’s fee in it, to its center line, was not subjected to a new and different use, involving a right to a new or added compensation; but it remained unchanged as the public highway originally laid out in everything but its grade. If it became such by dedication, compensation for the easement was expressly waived. If taken by right of eminent domain, the compensation paid covered all the damages sustained, among which were necessarily embraced such as might flow from a change of grade required for the public use and convenience. That might be altered by any lawful authority, and whatever of injury or inconvenience should result to the abutting owner was either waived by , the dedication, or paid for by the original compensation; so that a change of grade upon a highway invades no private right. The contrary doctrine, once held (Fletcher v. Auburn and S. R. R. Co., 25 Wend., 462), has been effectually overruled. Radcliff’s Ex’rs v. Mayor, etc., 4 N. Y., 195; Bellinger v. New York Cent. R. R. Co., 23 id., 42; Selden v. Delaware and H. Canal Co., 29 id., 642.
The vppellant here relies upon Story v. Elevated Railroad Co. (90 N. Y., 122). That case was not intended to thus unsettle the law; for it expressly excluded from its operation inj- ties resulting from changes of grade. Its doctrine, if appli able to this highway, that a right of property in a street belongs to the abutting owner, which cannot be taken away from him, without compensation, by the erection of obstructions not essential to or consistent with the normal use and condition of the street as such, is wholly inapplicable to the case here presented; and this, for the double reason that the character of the street as an unobstructed public highway remains unaltered, giving equally as before to the abutting owner full opportunity for light and air and means of access by modifying his own grade, and leaving the street wholly to its natural and normal use, so that no property of the abutter is taken, and, if taken, by any refinement of construction, it is a taking embraced in and paid for by the original compensation, or contemplated by the *680 original dedication. Beyond a doubt, any change of grade by the authorities charged with the public duty of working and maintaining the highway, however it may inconvenience the abutting owner, takes from him no property right for which he has not been compensated; and that is equally true, although the power and duty of changing the grade is conferred by law upon others than the highway commissioners, and the need of it springs from another public purpose.
The right of the legislature to permit a railroad company to cross a public highway, and either upon the same or a different grade is, of course, conceded. In the latter case a corresponding change in the grade of the highway becomes necessary. That change the commissioners of highways would have a right to make, and so restore the road to the public use, without any responsibility to abutters. But that duty is imposed by statute upon the railroad company, and the expense charged upon them; and in the process of restoration they simply stand in the place of the highway commissioners, having, for the purpose of the restoration, and so far as needed, all their official rights, and charged with all their duties. It was so held in Bellinger v. New York Cent. Railroad Co. (supra). The court said:
“ Where persons are authorized by the legislature to perform acts in which the public are interested, such as grading, leveling, and improving streets and highways and the like, and they act with proper care and prudence, they are not answerable for the consequential damages which may be sustained by those who own lands bounded by the street or highway. The doctrine is equally applicable to the construction of a railroad by a private corporation, for the enterprise is considered a public one, and the authority is conferred for the public benefit.”
The same doctrine was. involved in Uline v. New York Central and Hudson River Railroad Co. (4 N. E. Rep., 536), recently decided. There, as here, the crossing of a city street had been followed by a change of grade of the highway in front of plaintiff’s premises, for which she sued, and recovered both present and prospective damages. We reversed ■ the judgment, holding that, if the railroad company changed the grade by a valid authority, the plaintiff could not recover at all; but, if without such authority, was liable only for the accrued damages, as in ease of trespass. Of course, if her property was taken, the last ruling was wrong. If the law permitting a highway crossing required the road to be restored to public use by the commissioners, and the railroad company to reimburse the necessary expense, there could be no question of the. right of the commissioners to change the grade without any accountability to the abutting owners; and the case is not changed when, instead, the railroad company is itself compelled to make the restoration. A change made by the commissioners is deemed an *681 incident to the existence of the road as a public highway, and is assumed to be dictated by the public necessity, and justified by the resultant public benefit. The same assumption governs when a railroad crossing compels the change, as the Bellinger Case expressly decides. The crossing itself is permitted, not as a boon to a private corporation, but as a public purpose which comes into collision with another public purpose, and requires an adjustment to harmonize the two; and the samo policy prevails when the situation is reversed, and the highway seeks to cross the railroad. It may do so without compensation to the corporation whose land is occupied, and whose convenience is disturbed; and the sole justification is that it may properly be treated as a public corporation, engaged in the accomplishment of a public purpose; so that when, under the statute, a railroad company, as it is commanded to do, enters upon the restoration of a highway, it becomes, for the time and at the place, the constituted public authority to make the restoration; and, if it does so with reasonable prudence and skill, encounters no greater liability than would attend the same change if made by the usual public authority. No question of negligence in the manner of making the restoration is raised in the case.
The judgment should he affirmed, with costs.
All concur, except Danforth, J., not voting.